UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


MARISSA FANGON                                            JURY TRIAL DEMANDED

v.                                                        CASE NO.  3:14CV

WILLIAM E. SEIDEN
BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC

## COMPLAINT

1. This is an action for relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k.

3. Plaintiff is an individual whose address is in Stamford Connecticut, according to defendants' records.

4. Plaintiff is a consumer within the meaning of the FDCPA, in that she had a personal credit card account with HSBC Card Services, Inc. used for normal family purchases that defendants claimed they were authorized to collect.

5. Defendant Bureaus buys consumer debt for pennies on the dollar with the intention of collecting thereon.

6. Bureaus purported to have bought plaintiff's HSBC account after it was charged off, and thereafter engaged in direct or indirect collection efforts.

7. Bureaus engaged Seiden, a Connecticut lawyer, to collect on its behalf.

8. Bureaus participated in drafting Seiden's form collection letters, or adopted, ratified and approved their use.

9. Bureaus is licensed as a Consumer Collection Agency (debt buyer) by the Banking Department of the State of Connecticut.

10. Each Defendant regularly collects debts directly or indirectly using the mail and other means of interstate commerce.

11. Ms. Fangon claims that defendants violated the FDCPA by using false, deceptive or misleading means to collect the debt.

**Defendants Sought Interest Not Allowed By Law**

12. Defendants stated in their letter of December 19, 2013, that the amount of the debt was $22,986.92, including $7,072.19 interest retroactive to the date that HSBC had charged off the account.

13. HSBC had not charged interest from the date of charge-off in 2009 to the date that Bureaus purchased the account and legally could not charge interest. 15 U.S.C. 1637(b); 12 C.F.R. §226.5(b)(2)(i).

14. Defendant's letter self-adjudicated interest at the rate of 8% even though prejudgment interest is not mandatory, but is in the discretion of the court. Daimlerchrysler Ins. Co., LLC v. Pambianchi , 2011 WL 721630 *2-3  (D. Conn. 2011) ("Awarding prejudgment interest at a 10% annually compounded rate during a recession would result in a significant windfall.").

15. Seeking interest that is not allowed by law violates the FDCPA.  §1692f(1). Martinez v. Albuquerque Collection Services, 867 F. Supp. 1495, 1509 (D.N.M. 1994).

**Defendants did not provide the disclosures required by §1692g**

16. The December 19, 2013, letter did not disclose the amount of the debt. "[W]hen a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate." Jones v. Midland Funding, LLC , 755 F. Supp. 2d 393, 397 (D. Conn. 2010).

17. The December 19, 2013, letter restricted any dispute to a written dispute. Hooks v. Forman, Holt, Eliades & Ravin, LLC , 717 F. 3d 382 (2d Cir. 2013).

18. On its face, the letter violated 15 U.S.C. §1692g by omitting the mandatory statutory language "by the debt collector." Diaz v. Residential Credit Solutions, Inc., 965 F. Supp. 2d 249, 260 (E.D.N.Y. 2013).

**Defendant Bureaus Violated §1692e(8)**

19.  In September, 2014,  Bureaus reported to one or more consumer reporting agencies (credit bureaus) that the balance due on the account was $24,607.

20. Contemporaneously, Seiden claimed that the balance due on the account in September 2014 was $21,884.15.

21. The Bureaus' report was false in that the amount included illegal or self-adjudicated interest.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages  under the FDCPA against each defendant.

2.  Award attorney's fees and costs.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net